﻿Citation Nr: 19172641
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 19-18 067
DATE: September 18, 2019

REMANDED

Entitlement to service connection for a sleep disorder, to include idiopathic hypersomnia and obstructive sleep apnea, to include as due to Gulf War exposure is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from December 1990 to March 1991.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2017 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

Entitlement to service connection for a sleep disorder, to include idiopathic hypersomnia and obstructive sleep apnea, to include as due to Gulf War exposure is remanded.

The Veteran has advanced several theories as to the etiology of her sleep disorder. She has contended that the condition had its onset in service during basic training. She also posits that the condition preexisted active service and was worsened during active service. Finally, the Veteran has also argued that the condition is related to exposure to harmful toxins during her service in the Southwest Asia Theater of operations during the Persian Gulf War.

The Board finds that a remand is warranted for two reasons. First, the evidence raises the question of whether the Veteran’s sleep disorder preexisted active service. At the time of the Veteran’s May 1982 entrance examination, she denied frequent trouble sleeping, did not report any sleep-related condition, and no sleep-related issues were noted by the examiner. Adversely, a February 1999 private treatment record shows that the Veteran reported having issues with falling asleep during daytime hours unpredictably, since age 15. She further reported that she experienced falling asleep in classes during basic training at age 17. An October 2017 Disability Benefits Questionnaire indicates that the Veteran had a diagnosis of idiopathic hypersomnia at age 18, which was likely triggered by sleep deprivation during basic training. In this case, as the evidence of record raises the possibility that the Veteran’s sleep disorder preexisted active service, a remand is warranted to obtain an addendum opinion that addresses whether the Veteran’s sleep disorder clearly and unmistakably preexisted her active duty service, and if so, whether the condition worsened in severity beyond its natural progression during service, i.e., was "aggravated by" service. 38 U.S.C. § 1153; 38 C.F.R. § 3.306 (2018).

Second, the medical evidence of record suggests that the Veteran also has a diagnosis of sleep apnea. To that extent, the Veteran submitted a DBQ prepared by Dr. S. K. in October 2017. Dr. S. K. noted diagnoses of obstructive sleep apnea and idiopathic hypersomnia. He indicated that the Veteran was diagnosed with idiopathic hypersomnia in 1999 and obstructive sleep apnea in May 2017, following a sleep study conducted at Sanford Sleep Medicine Center in Fargo, North Dakota. However, the claims file contains no record of a sleep study conducted in May 2017. Additionally, while the Veteran was afforded a VA examination in June 2019, the opinion rendered only addressed the Veteran’s diagnosis of idiopathic hypersomnia; noting that there was no record of the May 2017 sleep study showing a diagnosis of sleep apnea. Accordingly, remand is also warranted to obtain any outstanding treatment records related to the Veteran’s sleep disorder, to include idiopathic hypersomnia and obstructive sleep apnea. 

The matter is REMANDED for the following action:

1. Instruct the Veteran to identify any private treatment records related to the sleep disorder, to include but not limited to treatment records from the Sanford Sleep Medicine Center in Fargo, North Dakota. Make two requests for the authorized records, unless it is clear after the first request that a second request would be futile. Efforts to obtain the treatment records should be documented in the claims file.

2. Obtain an addendum opinion from an appropriate clinician to determine the etiology of the Veteran’s sleep disorder. The examiner is asked to respond to the following:

a. Is there clear and unmistakable evidence that the Veteran’s sleep disorder, to include idiopathic hypersomnia and obstructive sleep apnea, preexisted active service?

The examiner should address the Veteran’s lay statements endorsing symptoms of a sleep disorder prior to service.

b. If the Veteran’s sleep disorder preexisted active service, is there clear and unmistakable evidence that the Veteran’s preexisting sleep disorder was not aggravated beyond its natural progression during active service?

The examiner should address the October 2017 DBQ, indicating that the Veteran’s idiopathic hypersomnia was exacerbated by sleep deprivation during active service.

c. If the Veteran’s sleep disorder is found not to preexist active service, is it at least as likely as not that the Veteran’s sleep disorder, to include idiopathic hypersomnia and obstructive sleep apnea, had its onset in or is otherwise related to active service, to include Gulf War exposure to toxins and other environmental factors?

d. If the Veteran's sleep disorder is a symptom that cannot be attributed to a known diagnostic entity, the examiner must opine as to whether the symptoms represent an objective indication of chronic disability resulting from an undiagnosed illness related to the Veteran's Persian Gulf War service.

 

 

Martina D. Mills

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Marsh II, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.